■ PREFERRED CAPITAL, INC., Appellant, v DEBRA A. WARREN, Individually and Doing Business as LAMPOST RESTAURANT, Respondent. [778 NYS2d 803]—

Appeal from an amended order of the Supreme Court, Yates County (W. Patrick Falvey, A.J.), entered October 29, 2003. The amended order, insofar as appealed from, denied plaintiff's motion for summary judgment in a breach of contract action.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion with respect to the issue of liability and as modified the amended order is affirmed without costs.

Memorandum: We conclude that Supreme Court erred in denying that part of plaintiff's motion for summary judgment with respect to the issue of liability but properly denied that

part of plaintiff's motion for summary judgment with respect to the issue of damages. Plaintiff commenced this action seeking damages for defendant's breach of a lease agreement for an ATM terminal. The self-described "statutory finance lease" expressly provides that it shall be interpreted in accordance with Ohio law. Defendant asserted the affirmative defense of unconscionability arising from the actions of the supplier of the ATM terminal, the now-bankrupt Credit Card Center (CCC), in soliciting the lease agreement and from the actions of plaintiff in refusing to accept the return of the leased ATM terminal. The court denied plaintiff's motion seeking summary judgment without prejudice, to permit discovery on the issue whether the lease agreement is unconscionable, and the court granted defendant's cross motion to strike the demand for attorney fees from the complaint. On appeal, plaintiff challenges only that part of the amended order denying its motion.

The lease agreement at issue is not considered unconscionable under Ohio law based on the claim of defendant lessee that she believed that the lessor was CCC where, as here, the lease agreement unambiguously identifies plaintiff as the lessor (*see Information Leasing Corp. v Borda*, 52 UCC Rep Serv 2d 183 [Ohio Ct App, Sept. 12, 2003]). Nevertheless, an acceleration clause in a lease agreement such as this is considered unconscionable and thus unenforceable under Ohio law when the lease agreement fails, as here, to require the lessor to minimize its damages (*see Information Leasing Corp. v Chambers*, 152 Ohio App 3d 715, 727-730, 789 NE2d 1155, 1164-1165 [2003], *appeal not accepted for review* 100 Ohio St 3d 1412, 796 NE2d 538 [2003]; *see also Information Leasing Corp. v GDR Invs., Inc.*, 152 Ohio App 3d 260, 265-266, 787 NE2d 652, 656 [2003]; *cf. Borda*, 52 UCC Rep Serv 2d 183). Under Ohio law, a lessor that refuses to accept the lessee's offer to return a leased ATM terminal, as plaintiff did here, is entitled to "the accrued and unpaid rent as of the date [the lessee] made the ATM available to [the lessor], . . . the present value on that date of the total rent for the remaining term of the original lease minus the present value on the same date of the market rent at the place where the goods were located . . ., computed for the same lease term . . . [and] any incidental damages allowed under R.C. 1310.76, minus expenses saved in consequence of [the lessee's] default" (*Chambers*, 152 Ohio App 3d at 735, 789 NE2d at 1169-1170). We therefore modify the amended order accordingly. Present—Wisner, J.P., Hurlbutt, Kehoe, Martoche and Lawton, JJ. [*See* 2003 NY Slip Op 51386(U).]